**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**BLAS MISAEL HERNANDEZ,**

     **Petitioner,**

     **v.**                             **Civil Action No. 3:26cv184**

**WARDEN FARMVILLE DETENTION CENTER,**

     **Respondent.**

**<u>MEMORANDUM OPINION</u>**

By Memorandum Order entered on March 24, 2026, the Court explained as follows:

> The Court has received a 28 U.S.C. § 2241 petition filed by or on behalf of Blas Misael Hernandez, an immigration detainee. The envelope and money order has a return address of Baltimore, Maryland (ECF No. 1-2); however, Petitioner is detained in the Farmville Detention Center. Petitioner did not sign the § 2241 petition or any other document accompanying his petition. Upon initial consideration of the petition, it is ORDERED that:
>
>     1.    The petition is CONDITIONALLY FILED;
>
>     2.    Rule 2 of the Rules Governing Section 2254 Cases[1] requires that petitions pursuant to 28 U.S.C. § 2254—and, by extension, § 2241—"be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner under 28 U.S.C. § 2241." Rules Governing § 2254 Cases in the U.S. District Courts, Rule 2(c)(5). Petitioner must sign his submissions to this Court under penalty of perjury.
>
> In the United States District Court for the Eastern District of Virginia, all *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms. *See* E.D. Va. Loc. Civ. R. 83.4(A). Accordingly, the Clerk is DIRECTED to mail Petitioner the standardized form for filing a § 2241 petition. The Clerk shall WRITE the civil action number for the present action on the form. **Petitioner is DIRECTED to complete and return the form to the Court within thirty (30) days of the date of entry hereof.** Petitioner must state the facts that make his detention unlawful. The Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds and supporting facts concisely set forth on this standardized form and on any attached pages. Petitioner may not incorporate other

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

documents by reference. Failure to complete and return the form in a timely manner will result in dismissal of the action. *See* Fed. R. Civ. P. 41(b);

(ECF No. 4, at 1–2.)

Accordingly, the Court directed the Clerk to mail a copy of this Memorandum Order and a standardized form for filing a § 2241 petition to Petitioner at the Farmville Detention Center.[2] (ECF No. 4, at 3.) The Court explained that if Petitioner wished to pursue a § 2241 petition, he should complete and return the form to the Court. The Clerk also mailed a copy of this Memorandum Order to the Baltimore address. In the March 24, 2026 Memorandum Order, the Court also warned Petitioner that he must keep the Court advised in writing of his current address if he was moved or relocated. (ECF No. 4, at 2.)

On March 30, 2026, the Court received another § 2241 petition that was not filed on the required standard form, nor was filed by Petitioner. Instead, it was filed by Odalmy Marleni Rosa Carranza as "Next Friend for Petitioner." (ECF No. 5, at 2.) By Memorandum Order entered on April 10, 2026, the Court explained again that it would not consider a § 2241 petition filed by someone on Petitioner's behalf.[3] (ECF No. 6, at 2.) The Court directed that "Petitioner

---

[2] The Court directed the Clerk to "mail this Memorandum Order and a standardized § 2241 petition form to Petitioner at the Farmville Detention Center with the "A" number, "221-489-604." (*See* ECF No. 1-1, at 1.)" (ECF No. 4, at 3 n.1.)

[3] The Court noted that:

> Ms. Carranza does not show that she qualifies as "next friend" and, therefore, the Motion fails to comply with Rule 2(c)(5). The simple fact that Petitioner is detained is not sufficient to show that Petitioner cannot appear on his own behalf to prosecute the action. *Hamdi*, 294 F.3d at 603–04 (requiring showing of "inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf. Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (finding "blanket assertion" that petitioner was her husband and was incarcerated insufficient to show that petitioner could not initiate the petition from prison and that she was next friend).

(ECF No. 4, at 3.)

2

himself must file a § 2241 petition on the standard form provided by the Court." (ECF No. 4, at 2.) The Clerk mailed Petitioner another copy of a standard form for filing a § 2241 petition and directed Petitioner to complete and return the form within twenty (20) days if he wished to bring such a petition at that time. (ECF No. 4, at 3–4.)

On May 18, 2026, the United States Postal Service returned the April 10, 2026 Memorandum Order to the Court marked, "RETURN TO SENDER," because Petitioner apparently was moved or relocated. Since that date, Petitioner has not contacted the Court to provide a current address. Petitioner's failure to contact the Court and provide a current address indicates her lack of interest in prosecuting this action. *See* Fed. R. Civ. P. 41(b). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Petitioner.

An appropriate Order shall issue.

Date: 6/3/26
Richmond, Virginia

/s/ \
M. Hannah Lauck
Chief United States District Judge

3